UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES ALPINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00114-NT |
| | ) | |
| SCOTT HARRIS, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff, an inmate at a Texas federal penitentiary, seeks to assert a claim against the Clerk of the United States Supreme Court as the result of the Clerk's refusal to accept for filing a document Plaintiff characterized as a petition for a writ of habeas corpus. (Complaint, ECF No. 1.)

Plaintiff's complaint is subject to a review "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

### DISCUSSION

In response to Plaintiff's filing in the Supreme Court, the Clerk wrote in pertinent part:

> Pursuant to the order dated February 22, 2010 in case No. 09-8014, the Clerk is directed not to accept any further petitions in noncriminal matters from

> petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1.

Plaintiff evidently alleges the restriction on his ability to file a petition with the Supreme Court violates his constitutional rights.

Plaintiff's complaint is subject to a preliminary review under the Prison Litigation Reform Act because Plaintiff is currently incarcerated and seeks redress from a governmental entity or officer. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A review requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim of constitutional harm caused by a state actor, as Plaintiff has alleged in this case, is actionable under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ….

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked

a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

"There is no absolute First Amendment right to file lawsuits." *Rosado-Quinones v. Toledo*, 528 F.3d 1, 7 (1st Cir. 2008). Federal courts have the authority "to regulate the conduct of abusive litigants." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993); *see also*, *Martin v. D.C. Court of Appeals*, 506 U.S. 1, 3–4 (1992). Plaintiff's claim, therefore, that the Supreme Court's rejection of his petition violated his rights, is without merit.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within forty-four (44) days of being served with a copy thereof.[1]

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of April, 2020.

---

[1] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)